**Jay H. ROMACK, Appellant (Plaintiff Below),**

v.

**PUBLIC SERVICE COMPANY OF INDIANA, Appellee (Defendant Below).**

**No. 22S04–8708–CV–765.**

Supreme Court of Indiana.

Aug. 20, 1987.

Rehearing Denied Oct. 29, 1987.

William H. Sparrenberger, Indianapolis, for appellant.

Frank T. Lewis, Public Service Co. of Indiana, Inc., Plainfield, Baker & Daniels, Michael R. Maine, Gayle L. Skolnik, Indianapolis, Cooper, Cox, Jacobs, Reed & Barlow, Curtis M. Jacobs, Madison, for appellee.

ON CIVIL PETITION TO TRANSFER

DICKSON, Justice.

This case is before us on petition to transfer from the Court of Appeals,

which summarized the issues and facts as follows.

Jay H. Romack appeals the trial court's entry of summary judgment in favor of Public Service Company of Indiana, Inc. (PSI) on Romack's claims of fraud, constructive fraud, negligent misrepresentation, retaliatory discharge and denial of due process. Romack makes the following arguments on appeal:

1) The trial court erred when it refused to consider his supplemental affidavit in ruling on his motion to correct errors;

2) His discharge was unlawful because it violated an enforceable oral contract of employment which could not be terminated "at will" by PSI.

3) Summary judgment was inappropriate on the wrongful discharge claim because his discharge was in retaliation for the performance of a statutory right or duty;

4) The trial court erred in granting PSI's motion for summary judgment because the pleadings and evidence supported a cause of action under theories of fraud, constructive fraud, negligent misrepresentation and denial of due process; and

5) Material issues of fact existed which precluded the entry of summary judgment on his various claims.

\*    \*    \*    \*    \*    \*

In 1977, Romack applied for the position of Corporate Security Manager at PSI but did not receive the position. However, two years later, PSI contacted Romack concerning an available position. At that time, Romack was a Captain of the Indiana State Police with twenty-five years of service to his credit. Romack informed PSI that he had "permanent employment" with the State Police and would not consider leaving his position there unless the new job offered the same "permanency" of employment, advancement and benefits. An employee of PSI told Romack that if he came to work for PSI, he would have "such permanent employment." With these assurances, Romack terminated his employment with the Indiana State Police and began working for PSI on September 24, 1979 as an Operations Security Supervisor at the Marble Hill Nuclear Generating construction site.

As a result of his employment with PSI, Romack purchased a house trailer and rented a tract of land near his place of employment. Later, Romack purchased a home in that locality and moved his family to the area. PSI requested that Romack take this action so he and his family would "become a part of the community." Romack was reimbursed for the relocation costs occasioned by the first move in 1979 pursuant to PSI policy. In January of 1981, Romack sought reimbursement for the relocation costs associated with moving his family to the area. These expenses were reimbursed in February of 1981 and PSI also paid the cost of having a moving company transport Romack's household goods to the new home. The total amount paid or reimbursed by PSI was approximately $4,694.72.

On July 30, 1982, Romack was discharged by PSI. Romack requested that he be given a position elsewhere in the company because he was 52 years old and suffering from a work-related back injury. His request was denied because PSI thought it would be better if a "clean break" was made. Romack subsequently filed this action asserting that he was terminated because his attempts to deal with bomb threats and alcohol and drug problems at the construction site were slowing down the work progress and costing PSI additional money because of delays. Romack also asserted that he was not an employee at will and had been unlawfully discharged. PSI moved for summary judgment on all of Romack's claims and the trial court granted the motion. Romack appeals.

The Court of Appeals affirmed the trial court's grant of summary judgment. *Romack v. Public Service Company of Indiana, Inc.* (1986), Ind.App., 499 N.E.2d 768. Judge Conover dissented and filed a separate opinion urging modification of pri-

or case law under the facts presented in this case. As applied to plaintiff's action based on alleged breach of employment contract, we agree. Upon this point we now expressly adopt and incorporate by reference the separate opinion of Judge Conover pursuant to Appellate Rule 11(B)(3). However, this Court declines to adopt that portion of Judge Conover's separate opinion which addresses the issue of punitive damages. Such issue was not involved in the trial court's grant of summary judgment, nor in the majority opinion of the Court of Appeals, nor raised by appellant's petition to transfer.

Transfer is granted. The trial court's grant of summary judgment is affirmed except as to plaintiff's cause of action asserting breach of employment contract, wherein summary judgment is now reversed. This cause is remanded to the trial court for further proceedings accordingly.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.