Thomas J. TACKET, Plaintiff–Appellant,

v.

**DELCO REMY, A DIVISION OF GENERAL MOTORS CORPORATION,** Defendant–Appellee.

No. 91–1307.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1991.

Decided March 27, 1992.

Frank B. Harshey (argued), Merriman & Harshey, Indianapolis, Ind., for plaintiff-appellant.

Herbert C. Snyder, Jr. (argued), Richard P. Steele, Barnes & Thornburg, Fort Wayne, Ind., for defendant-appellee.

Before CUDAHY, RIPPLE, and ENGEL,* Circuit Judges.

RIPPLE, Circuit Judge.

Thomas J. Tacket sued his employer, the Delco Remy division of General Motors (General Motors), for wrongful discharge in breach of his employment contract. The district court held that, as a matter of Indiana law, Mr. Tacket's filing and prosecution of a defamation suit against General

Motors was just cause for dismissal, and it granted summary judgment to General Motors. Mr. Tacket now appeals the district court's grant of summary judgment. For the following reasons, we reverse and remand.

## I

## BACKGROUND

### A. Facts

Mr. Tacket was hired by General Motors on January 6, 1971, and was employed by Delco Remy (a division of General Motors) for approximately sixteen years. During his time at General Motors, Mr. Tacket rose to the level of senior project engineer. Mr. Tacket was employed pursuant to a written employment contract. Under the terms of the contract, Mr. Tacket's employment was extended "from month to month only on a calendar month basis." R.7 Ex. A.

While still employed by General Motors, Mr. Tacket filed a defamation suit against his employers. On February 20, 1987, the district court granted General Motors' motion for a directed verdict in the defamation suit;[1] and on March 6, 1987, General Motors fired Mr. Tacket. In a letter dated March 9, 1987, General Motors stated to Mr. Tacket that he had been discharged because Mr. Tacket's conduct had "caused him to lose the trust, confidence and respect of his superiors and peers. He ha[d] made claims against his management which they believe are groundless. In support of his claims, he made statements about his superiors and peers that management believes were untrue. These circumstances make continuation of his employment not in the best interest of him or the Corporation." R.7 Ex. B. At the time of his discharge, Mr. Tacket was paid for five days of work in March and for twelve and one-half vacation days. Mr. Tacket's

---

* Honorable Albert J. Engel, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. After reversal and remand from this court, trial was had on Mr. Tacket's defamation claim against General Motors. Mr. Tacket prevailed at trial and received an award of $100,000 in damages against General Motors. The award was reversed on appeal, on the grounds that Mr. Tacket had shown only psychological injury, not the pecuniary damage required by Indiana defamation law. *See Tacket v. Delco Remy Div. of Gen. Motors Corp.*, 937 F.2d 1201, 1207 (7th Cir.1991).

monthly salary at the time of his dismissal was $3,887.88.

### B. *Opinion of the District Court*

In granting summary judgment, the district court held that Mr. Tacket's defamation suit against his employer was just cause for dismissal as a matter of Indiana law. In addition, the district court held that Indiana law protecting employees from termination in retaliation for their exercise of statutorily conferred rights did not extend to contractual employees. *Peru Daily Tribune v. Shuler*, 544 N.E.2d 560, 563 (Ind.App.1989); *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425, 428 (1973). As an alternate ground for its decision, the district court found that General Motors would have prevailed on the issue of Mr. Tacket's failure to mitigate damages. Because Mr. Tacket had made no showing that he had sought other employment before the end of the contract period, he was not entitled to compensatory damages, even if there had been no just cause to fire him. Finally, the district court held that, because Mr. Tacket was not entitled to compensatory damages, he was also not entitled to punitive damages. *Bishop v. Firestone Tire & Rubber Co.*, 814 F.2d 437, 447 (7th Cir.1987); *Jochem v. Kerstiens*, 498 N.E.2d 1241, 1245 (Ind.App.1986); *Rose Acre Farms, Inc. v. Cone*, 492 N.E.2d 61, 70 (Ind.App.1986). Moreover, the district court stated that, in any case, General Motors had not engaged in conduct which would meet the Indiana standard for punitive damages.

### II

### *ANALYSIS*

#### A. *Standard of Review*

Our standard for evaluating a court's decision to grant summary judgment is well-established. Our duty is to review *de novo* the record and the controlling law. *Becker v. Tenenbaum–Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir.1990). The party moving for summary judgment bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). A motion for summary judgment is "not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir.1990). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). If the moving party meets its burden, the burden then shifts to the nonmoving party to present specific facts that show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). When it bears the burden of proof on a dispositive issue at trial, the nonmoving party may not rest on its pleadings, but must produce specific evidence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Lister v. Stark*, 942 F.2d 1183, 1187 (7th Cir.1991).

#### B. *Application to this Case*

The district court's grant of summary judgment presents three issues for our review. First, we must determine whether Mr. Tacket's defamation suit against General Motors constituted just cause for termination. Second, even if General Motors did not have just cause for terminating Mr. Tacket, it must be determined whether summary judgment might still be appropriate on the ground that Mr. Tacket failed to mitigate damages. Third, we shall address the district court's ruling on punitive damages. The parties do not dispute the district court's ruling that Tacket, as a contractual employee, is not entitled to the protection of Indiana's public interest exception to the employment-at-will doctrine.

##### 1. Just cause

 Indiana law governing employment termination distinguishes between in-

dividuals who are employed "at will" and individuals who are employed pursuant to a contract for a definite period of time. An employee-at-will may be discharged for virtually any reason[2] at any time. *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 392 (Ind.1988); *Streckfus v. Gardenside Terrace Coop., Inc.*, 504 N.E.2d 273, 275 (Ind.1987). However, an individual employed pursuant to a contract for a definite term "may not be discharged before the expiration of such term except for cause or by mutual agreement unless the right to do so is reserved in the contract." *Rochester Capital Leasing Corp. v. McCracken*, 156 Ind.App. 128, 295 N.E.2d 375, 378 (1973).

■ It is well-settled in Indiana that the question of whether an employee was fired for just cause is a question of fact for the jury when "reasonable men might differ as to whether the alleged misconduct is so inconsistent with the employer-employee relationship as to justify discharge." *Rochester Capital Leasing*, 295 N.E.2d at 378; *see also Von Gonten v. Research Sys. Corp.*, 739 F.2d 1264, 1267 (7th Cir.1984); *Spearman v. Delco Remy Div. of GMC*, 717 F.Supp. 1351, 1356 (S.D.Ind.1989). Under Indiana law, just cause for termination normally must be related to performance:

> [A]n employee, although engaged for a definite term of service, may be dismissed because of inefficiency, unskillfulness, neglect or carelessness. The law implies a stipulation or undertaking by an employee in entering into a contract of employment that he is competent to perform the work undertaken and is possessed of the requisite skill and knowledge to enable him to do so, and that he will do the work of the employer in a careful manner.[3]

■ It is undisputed that General Motors fired Mr. Tacket because of his defamation suit against it. In its letter to Mr. Tacket, following his discharge, General Motors asserted that it fired Mr. Tacket because he "has conducted himself in a manner which has caused him to lose the trust, confidence and respect of his superiors and peers. He has made claims against his management which they believe are groundless. In support of his claims, he made statements about his superiors and peers that management believes were untrue." R.7 Ex. B.

In its motion for summary judgment, General Motors quoted this letter as establishing its grounds for firing Mr. Tacket. However, General Motors did not claim that the defamation suit (and any resulting personal conflicts) actually prevented Mr. Tacket from skillfully performing his duties or diminished his ability to do so. Nor did General Motors allege that Mr. Tacket had failed in any way to perform his duties. Mr. Tacket, on the other hand, asserts specific facts which tend to support his position that the defamation suit did not adversely affect his job performance. In particular, Mr. Tacket points to the fact that his month-to-month contract was renewed eighteen times during the course of the law suit. In an affidavit, Mr. Tacket claimed that prior to his termination he timely performed all of his job duties. He also asserted that General Motors never notified him that his job performance was in any way unsatisfactory or that he was being discharged for unsatisfactory performance.

We have found no authority, nor has General Motors cited any, for the proposition that in Indiana bringing a defamation suit against one's employer is just cause for termination as a matter of law. Under

---

**2.** Indiana courts have recognized exceptions to the employment-at-will doctrine. Employees-at-will cannot be discharged solely for exercising a statutorily conferred right (such as filing a workmen's compensation claim). *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973). Likewise, an employee-at-will may not be discharged solely for refusing to breach a statutorily imposed duty. *McClanahan*

*v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 393 (Ind.1988).

**3.** *Peterson v. Culver Educ. Found.*, 402 N.E.2d 448, 451 (Ind.Ct.App.1980) (quoting *Seco Chems. Inc., Division of Stan Sax Corp. v. Stewart*, 169 Ind.App. 624, 349 N.E.2d 733, 738–39 (1976) (quoting 53 Am.Jur.2d *Master and Servant* § 51 (1970))).

Indiana's highly factual, performance-based standard, the issue of whether there is just cause for termination is not easily susceptible to summary judgment. As noted above, the question as to whether an employee has been discharged for cause is a question of fact for the jury if "reasonable men might differ as to whether the alleged misconduct is so inconsistent with the employer-employee relationship as to justify discharge." *Rochester Capital Leasing*, 295 N.E.2d at 378; *Von Gonten*, 739 F.2d at 1267. We believe that Mr. Tacket has met his burden under *Celotex* to show that there is a genuine issue of material fact as to whether there was just cause for his termination.

### 2. Mitigation of damages

■ In Indiana, the measure of damages for breach of an employment contract is "the contract price for the unexpired term less what the employee has earned, or, by reasonable diligence in mitigation of damages, could have earned, in other employment after the discharge." *Department of Natural Resources v. Evans*, 493 N.E.2d 1295, 1302 (Ind.Ct.App.1986); *Pepsi–Cola Gen. Bottlers, Inc. v. Woods*, 440 N.E.2d 696, 699 (Ind.Ct.App.1982); *Hamilton v. Love*, 152 Ind. 641, 53 N.E. 181 (1899); *see also Spearman*, 717 F.Supp. at 1360. Under Indiana law, although the discharged employee is under a duty to mitigate damages, the burden is on the employer to show that the employee has failed to mitigate. *Salem Community School Corp. v. Richman*, 406 N.E.2d 269 (Ind.Ct.App.1980). In granting General Motors' motion for summary judgment on the issue of compensatory damages, the district court noted that Mr. Tacket had made no showing that he exercised reasonable diligence in seeking other employment. From this, the district court concluded that, in fact, Mr. Tacket had not mitigated damages and that General Motors would be able to satisfy its burden of proof on this issue. By requiring a showing from Mr. Tacket, the district court impermissibly reversed the burden of proof. Therefore, summary judgment was inappropriate on the issue of compensatory damages.

### 3. Punitive damages

■ The final issue for our review is the appropriateness of the district court's grant of summary judgment in favor of General Motors on the issue of punitive damages. Under Indiana law, punitive damages in contract actions are the exception rather than the rule. *First Fed. Savs. & Loan Ass'n v. Mudgett*, 397 N.E.2d 1002, 1006 (Ind.Ct.App.1979). Punitive damages are "restricted to those instances in which the evidence: (1) independently establishes the elements of a common law tort, or (2) shows that a serious wrong, tortious in nature, has been committed in an instance in which the public interest would be served by the deterrent effect punitive damages would have upon the future conduct of the wrongdoer and parties similarly situated." *Id.* at 1006. The plaintiff must show by clear and convincing evidence that the defendant "acted with malice, fraud, gross negligence or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence or other human failing." *Bud Wolf Chevrolet, Inc. v. Robertson*, 519 N.E.2d 135, 137 (Ind.1988); *Travelers Indem. Co. v. Armstrong*, 442 N.E.2d 349, 362 (Ind.1982); *see also Spearman*, 717 F.Supp. at 1361.

■ In granting General Motors' motion for summary judgment, the district court held that, since Mr. Tacket was not entitled to compensatory damages, he was not entitled to punitive damages. In the alternative, the district court held that, even if the discharge had not been with good cause, punitive damages would not be appropriate. We cannot say, at this point, that the district court's view was erroneous. Given Indiana's stringent standard and the facts as they have been developed on the record, Mr. Tacket's chances for recovering punitive damages appear slim. However, we cannot absolutely preclude that possibility before the issues of compensatory damages and mitigation have been resolved. We therefore remand the issue of punitive damages to the district court.

Conclusion

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED.