Kathleen A. MEHLING,
Appellant–Plaintiff,

v.

DUBOIS COUNTY FARM BUREAU CO-
OPERATIVE ASSOCIATION, INC.,
and David L. Gingerich, Individually
and in His Capacity as General Manag-
er of the Dubois County Farm Bureau
Co–Op, Appellees–Defendants.

No. 19A01–9202–CV–45.

Court of Appeals of Indiana,
First District.

Oct. 21, 1992.

Michael C. Kendall, Kendall Law Office,
Indianapolis, for appellant-plaintiff.

Mark W. Coy, Boring & Coy, P.C., Foun-
taintown, for appellees-defendants.

## STATEMENT OF THE CASE

RATLIFF, Judge.

Kathleen A. Mehling appeals from a
grant of summary judgment in favor of the

Dubois County Farm Bureau Cooperative Association, Inc., and David L. Gingerich, individually and in his capacity as general manager of the Dubois County Farm Bureau Cooperative (collectively "Co–Op") in her action for damages arising out of her allegedly unjust dismissal from employment. We affirm.

## ISSUES

We restate the issues on appeal as:

1. Did Kathleen present issues of material fact regarding the existence of an enforceable oral at will employment contract ("Contract") despite the mandate of the Statute of Frauds? [1]

2. Did Kathleen present issues of material fact regarding her claim of intentional or negligent misrepresentation in the formation of the Contract?

3. Did Kathleen present issues of material fact regarding breach of an implied covenant of good faith and fair dealing implicit in the Contract?

4. Did Kathleen present issues of material fact regarding her claim of intentional infliction of emotional distress as a result of her termination?

## FACTS

Joseph Mehling, Kathleen's brother, hired Kathleen in 1977 to provide secretarial services for Ferdinand Farm Services ("Ferdinand"). Joseph was the principal owner of Ferdinand.

Co–Op purchased Ferdinand's assets and those of another business which Joseph owned, Dale Agricultural Supply ("Dale"), in March of 1988. At that time, Kathleen worked for both Ferdinand and Dale as office manager. After the transaction was concluded, both Kathleen and Joseph remained employees of Ferdinand and Dale, now owned by Co–Op. As part of the purchase agreement, Joseph was offered a written one-year employment contract. Kathleen did not request and was not offered a written employment contract.

As part of her employment with Co–Op, Kathleen was transferred to the Huntingburg facility in June of 1988. At the beginning of August of 1988, Kathleen was laid off during Co–Op's slow season, but was subsequently offered a new job at Co–Op with lower pay in late August of 1988. She refused to accept that offer.

In March of 1989, Kathleen filed suit against Co–Op, alleging various theories for recovery of damages from breach of the alleged Contract and emotional distress caused by her termination. Co–Op moved for summary judgment on October 29, 1990, which the trial court granted after hearings on January 9, 1992.

This appeal ensued. Other relevant facts will be stated in our discussion of the issues.

## DISCUSSION AND DECISION

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Houin v. Burger* (1992), Ind.App., 590 N.E.2d 593, 596, *trans. denied.* We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without determining weight or credibility. *Id.* Only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law should summary judgment be granted. *Id.* The movant bears the burden of proving the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed favorably to the non-movant. *Id.* Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the court. T.R. 56(C).

*Issue One*

Initially, we must determine whether an enforceable oral employment contract existed between Kathleen and Co–Op, on which Kathleen may base her other claims. We find that no enforceable contract exist-

1. IND.CODE § 32–2–1–1.

ed because of a failure to comply with the requirements of the Statute of Frauds ("Statute"),[2] and Kathleen cannot avoid the Statute's requirements under any other theory.

Under the Statute, contracts which cannot be performed within one year must be in writing and signed by the party to be charged or his representative. IND.CODE § 32-2-1-1. Kathleen stated that it was the parties' understanding that her Contract with Co–Op was to extend beyond one year, *see* Record at 115, which makes the Contract fit squarely within the Statute's coverage. *See* I.C. § 32-2-1-1. Thus, Kathleen's claim would initially be barred under the Statute.

However, Kathleen urges that her claims may be taken out of the reach of the Statute for several reasons. Her arguments are similar to those advanced by the employees in *Whiteco Industries, Inc. v. Kopani* (1987), Ind.App., 514 N.E.2d 840, *trans. denied.* In *Whiteco*, employees sued their employer for breach of an oral employment contract. *Id.* at 842. The employees could not initially avoid the operation of the Statute, but they sought to circumvent its mandates by asserting several theories. *Id.* at 844–45. We reasoned that the factors the employees in *Whiteco* cited as requiring that we uphold the oral employment contracts under a theory of promissory estoppel, were merely the kind of adverse consequences which normally attend an involuntary termination of employment. *Id.* at 846. We held that neither the benefit of the bargain itself, nor mere inconvenience, nor incidental expenses, short of a reliance injury so substantial and independent that it constitutes unjust and unconscionable injury and loss was sufficient to remove the claim from the operation of the Statute. *Id.* at 845. Thus, the employees could not recover against their employer for the alleged breach of an oral employment contract. *Id.* at 846.

Like the employees in *Whiteco*, Kathleen worked for Co–Op under an oral employment contract which was to continue for more than one year. *See* Record at 115. She also argues that the Contract is not within the Statute because of the independent consideration she gave to Co–Op as a basis for the Contract, in the form of her "key-person, insider knowledge," *see* Appellant's Brief at 15, and because she accepted a transfer to Huntingburg, which involved commuting to work. We disagree. These facts do not provide the independent consideration which would work to remove the Contract from the ambit of the Statute, especially since the consideration which Kathleen asserts is not as compelling as the consideration shown by the employees in *Whiteco*. In *Whiteco*, for instance, the employees relocated to Indiana from other states and purchased homes in the area in which their new jobs were located, while Kathleen merely commuted an extra fifteen miles to her job-site. *See Whiteco*, 514 N.E.2d at 842; Appellant's Brief at 6 and 15. Moreover, the employees' high job performance in *Whiteco*, which was similar to Kathleen's alleged "key-person, insider knowledge," did not furnish adequate independent consideration to save the employees' claims from the mandates of the Statute. Further, Kathleen was also offered another position with Co–Op shortly after her termination, *see* Record at 132, which the employees in *Whiteco* did not receive. Therefore, Kathleen's initial claim that an enforceable employment contract existed is meritless because the Contract fails to comply with the Statute, and she cannot avoid the Statute by showing independent consideration to support the Contract. *See Ryan v. J.C. Penney Co.* (7th Cir.1980), 627 F.2d 836, 838 (in at will employment situation, without a promise of employment for definite term or consideration beyond employee's services rendered, no enforceable employment contract created; thus, employer entitled to summary judgment) (applying Indiana law); *see also Ohio Table Pad Co. v. Hogan* (1981), Ind.App., 424 N.E.2d 144, 146, *trans. denied* (moving household to new location and relinquishing existing job to accept new employment do not constitute independent consideration to impose

2. IND.CODE § 32–2–1–1.

requirement of good cause to terminate at will employment contract).

▮ Additionally, notwithstanding lack of compliance with the Statute, the Contract was a contract at will, *see id.* at 847 (indefinite term of employment contract creates employment at will), which was terminable at will by either Kathleen or Co–Op. *See Streckfus v. Gardenside Terrace Co–Op, Inc.* (1987), Ind., 504 N.E.2d 273, 275 (under employment at will doctrine, employment contract of indefinite duration is presumptively terminable at will of either party). As discussed above, Kathleen has not shown the independent consideration required by an employee which would create a permanent employment contract requiring good cause for termination. *See Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926, 928 (discussing exceptions to terminable at will rule in at will employment context). Therefore, Kathleen fails in sustaining her initial burden of proving the existence of an enforceable employment contract, and the trial court properly granted summary judgment in Co–Op's favor on this basis.[3]

*Issue Two*

▮ Kathleen contends that she presented issues of material fact regarding her claims for intentional and negligent misrepresentation, and essentially argues that she was fraudulently induced to remain an employee of Ferdinand and Dale after Co–Op purchased them, rather than seek other employment. We disagree.

Notwithstanding that Kathleen has failed to show that an enforceable employment contract existed on which to base claims of fraud, these claims are meritless. The employees in *Whiteco,* 514 N.E.2d 840, also attempted to use fraud as a basis to avoid the application of the Statute. *See id.* at 844. The *Whiteco* court reasoned that to allow parties to circumvent the Statute's requirements by asserting fraud would be to defeat the Statute's basic writing requirement, rendering it "virtually meaningless." *Id.* Here, Kathleen also attempts to avoid the Statute by alleging fraud in the formation of the Contract. Like the *Whiteco* court, we cannot sanction such misuse of a fraud claim. Moreover, Kathleen's reliance on Restatement (Second) of Torts § 525 (1977), is misplaced, as *Whiteco* demonstrates. *See id.* Kathleen's claims for intentional and negligent misrepresentation, or fraud, must fail. *See Kavanaugh v. England* (1953), 232 Ind. 54, 59, 110 N.E.2d 329, 331; *Whiteco,* 514 N.E.2d at 844. Thus, the trial court properly granted summary judgment on this basis.[4]

*Issue Three*

▮ Next, Kathleen argues that Co–Op breached an implied covenant of good faith and fair dealing when it terminated her. Indiana does not recognize such a cause of action in at will employment contexts.

Notwithstanding that Kathleen has neither shown that an enforceable employment contract existed on which to base

---

3. Additionally, Kathleen's claim that Co–Op was a "new" employer, which would put her within the ambit of the exception to the Statute as stated in *Romack v. Public Service Co.* (1986), Ind.App., 499 N.E.2d 768, *modified,* 511 N.E.2d 1024, must fail since her employer was not new; rather, the company was merely under new ownership and she was still employed by Ferdinand and Dale and her brother remained her direct supervisor. *See* Record at 110–15.

4. We note that in *Indiana and Michigan Electric Co. v. Harlan* (1987), Ind.App., 504 N.E.2d 301, *trans. denied,* on which Kathleen relies, the existence of a contract was established. Here, as discussed in *Issue One,* no enforceable contract was ever formed.

Similarly, Kathleen's reliance on *Eby v. York–Division, Borg–Warner* (1983), Ind.App., 455 N.E.2d 623, is also misplaced. *Eby* did not involve the applicability of the Statute as in the case at bar. *See Issue One.*

Further, Kathleen's request that we adopt a definition of fraudulent misrepresentation contained in the Restatement (Second) of Torts, § 544 (1977), as have other jurisdictions, is not well taken. As an intermediate appellate tribunal, we are constrained to apply the law as it presently exists in Indiana; arguments for the alteration or expansion of our laws are best addressed to our legislature. *Cf. Jump v. Bank of Versailles* (1992), Ind.App., 586 N.E.2d 873, 880 (where Indiana law provides little guidance in resolution of issue, persuasive authority from other jurisdictions facing similar issues may be consulted).

such a claim, *see Issue One,* nor that Kathleen gave up an employment opportunity as required to sustain such a claim, *see Romack v. Public Service Co.* (1986), Ind. App., 499 N.E.2d 768, 778, *modified,* 511 N.E.2d 1024, her citation to authority from other jurisdictions to support this claim is not persuasive. *See* Appellant's Brief at 20–22. We have already determined that Kathleen's employment situation was at will. *See Issue One.* Indiana does not recognize a covenant of good faith and fair dealing in this context, *see Hamblen,* 478 N.E.2d at 929 (no duty of good faith and fair dealing owed by employer to at will employee), and arguments regarding the expansion or revision of our laws are best addressed to our legislature or supreme court. Therefore, the trial court properly granted summary judgment on this claim.

*Issue Four*

 Finally, Kathleen disputes the trial court's grant of summary judgment on her claim for intentional infliction of emotional distress. Even if Kathleen had shown issues of material fact regarding the elements need to sustain this claim, which we do not hold, Indiana does not recognize this tort in a situation involving breach of an at will employment contract.

Our supreme court has recently modified the "impact rule" and expanded the situations in which a plaintiff may recover damages for the intentional infliction of emotional distress. *See Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452; *Cullison v. Medley* (1991), Ind., 570 N.E.2d 27. However, despite Kathleen's citation to persuasive authority from California, *see* Appellant's Brief at 24, Indiana has yet to recognize the tort in at will employment termination situations. *Cf. Comfax v. North American Van Lines, Inc.* (1992), Ind.App., 587 N.E.2d 118, 127 (economic loss not sufficiently serious in nature and resulting emotional trauma not of kind and extent normally expected to occur in reasonable person, despite claims of mental anguish and attempted suicide; thus, although economic loss may cause severe emotional distress, such distress does not compare to loss of loved one which may

support claim for recovery of emotional distress damages). In any case, as discussed in *Issue One,* Kathleen has failed to sustain her threshold burden of showing that an enforceable contract existed on which to base such a claim.

Thus, the trial court properly granted summary judgment in Co-Op's favor on all of Kathleen's claims.

Affirmed.

ROBERTSON and BAKER, JJ., concur.