25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Scott A. LAWLER, Plaintiff/Appellant,
v.
JACOBS ENGINEERING GROUP OF OHIO, INC.,*
Defendant/Appellee.
 No. 93-3194.
 United States Court of Appeals, Seventh Circuit.
 Argued April 26, 1994.
Decided May 16, 1994.
 
 Before POSNER, Chief Judge, and ESCHBACH and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Scott Lawler filed suit in Marion County, Indiana Superior Court, against his former employer Jacobs Engineering Group of Ohio, Inc. ("Jacobs") for discharging him from employment. Jacobs removed the suit to the federal court for the Southern District of Indiana. The district court granted Jacobs' motion for summary judgment. Lawler challenges the grant of summary judgment and argues that his verified complaint presented facts showing a genuine issue of material fact.
 
 
 2
 In September 1990 Jacobs sent Lawler a letter that offered him a position as a computer designer in its Indianapolis office. Lawler signed his name to the statement "Received, Understood and Accepted," dated his signature, and returned the letter to Jacobs.
 
 
 3
 According to Lawler's complaint, Jacobs had informed him during negotiations (prior to the written offer) that Lawler "would enjoy permanent, merit-based employment, renewed on a year-to-year basis pursuant to annual performance evaluations, if he maintained a satisfactory level of performance ... [and] that he would be eligible for an employee stock option plan after he completed his first year of employment." The written offer contains no representation that Lawler would be employed by Jacobs for a particular length of time or that he would be eligible for a stock option plan.
 
 
 4
 Lawler began to work at Jacobs in October 1990. After one year Lawler received a performance evaluation; the evaluation did not specify that Jacobs' employment was to continue for a particular period of time. On October 14, 1991, Jacobs terminated Lawler's employment due to allegations of sexual harassment. Lawler sued.
 
 
 5
 Lawler did not respond to Jacobs' motion for summary judgment. Local Rule 56.1 requires "any party opposing the motion" to:
 
 
 6
 serve and file any affidavits or other documentary material controverting the movant's position, together with an answer brief that shall include in its text or appendix thereto a "Statement of Genuine Issues" setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated.
 
 
 7
 S.D.Ind.L.R. 56.1 (emphasis added). By failing to identify facts in dispute and by resting on his complaint, Lawler left the task to the district court to scour the record for those "facts" in dispute. See White v. General Motors Corp., 1 F.3d 593, 594 (7th Cir.1993). The purpose of Rule 56.1 is to place the responsibility on the parties to identify the facts in dispute, American Family Mut. Ins. Co. v. Williams, 839 F.Supp. 579 (S.D.Ind.1993); Mirocha v. TRW, Inc., 805 F.Supp. 663 (S.D.Ind.1992), and district courts are entitled to require strict compliance with such rules. Schulz v. Serfilco, Ltd., 965 F.2d 516 (7th Cir.1992) (upholding strict application of local rule similar to S.D.Ind.L.R. 56.1). Lawler did nothing to highlight or designate the genuine issues of material fact (if any) that he believed existed.
 
 
 8
 Lawler chose instead to rely upon his verified complaint, despite the absence of a provision in the Federal Rules of Civil Procedure concerning verified complaints. We note that approximately one-third of the numbered paragraphs in the verified complaint begin with the phrase "upon information and belief"; these paragraphs cannot appropriately verify the facts contained within them. Those few "facts" that could appropriately be considered evidence barely survive challenge by the defendant's set of facts, which Lawler did not dispute. The failure to dispute a party's assertion of an undisputed fact is an admission that the fact is true, regardless of evidence submitted prior to the filing of the motion for summary judgment. Tobey v. Extel/JWP, Inc., 985 F.2d 330, 333 (7th Cir.1993) ("failure to contest ... is treated as a binding admission of the truth of those facts ... [and] an admission trumps evidence"). The district court properly considered Jacobs' set of facts as undisputed.
 
 
 9
 The letter of employment states that Jacobs "is an employer at-will", Lawler could terminate employment at any time, and Jacobs could exercise the same discretion. Employment is presumed at-will in Indiana unless otherwise specified. McClanahan v. Remington Freight Lines, Inc., 517 N.E.2d 390, 392 (Ind.1988); Tri-City Comprehensive Community Mental Health Center, Inc. v. Franklin, 498 N.E.2d 1303, 1305 (Ind.Ct.App.1986); Tacket v. General Motors Corp. Delco Remy. Div., 959 F.2d 650, 652-53 (7th Cir.1992). Employers may terminate an at-will employee for any reason.[2] McClanahan, 517 N.E.2d at 392; Tacket, 959 F.2d at 653. The written contract contains no terms indicating that Lawler's employment was anything other than at-will.
 
 
 10
 Despite Lawler's claims that oral negotiations occurred prior to the written contract in which Jacobs promised Lawler permanent employment, a written contract embodies the parties' entire agreement and merges within it all prior negotiations. McCae Management Corp. v. Merchants Nat'l Bank and Trust Co., 553 N.E.2d 884 (Ind.Ct.App.1990); Keystone Square Shopping Center Co. v. Marsh Supermarkets, Inc., 459 N.E.2d 420, 422 (Ind.Ct.App.1984); W.T. Rawleigh Co. v. Snider, 194 N.E. 356 (Ind.1935). The written contract stands as the sole representation of the parties' agreement. Lawler claims for purposes of this appeal that the contract is ambiguous, but he did not raise ambiguity before the district court and has therefore waived the argument for appeal. Jean v. Dugan, No. 93-2047, slip op. at 18-19 (7th Cir. Mar. 24, 1994). We also reject Lawler's claim of fraud in inducement for failure to argue it before the district court. Id. Although Lawler mentions inducement in his list of allegations, he does not present fraud in inducement as a theory of recovery. Furthermore, the record contains no evidence of fraud. Lawler's complaint alleges that "upon information and belief, Jacobs Engineering made the representations with the intent to deceive Mr. Lawler," but Lawler presented no evidence to support his beliefs.
 
 
 11
 Lawler's claim of breach of an oral contract is barred by the Statute of Frauds because the alleged oral contract of employment could not have been performed within one year. Mehling v. Dubois County Farm Bureau, 601 N.E.2d 5, 7 (Ind.Ct.App.1992); Whiteco Industries, Inc. v. Kopani, 514 N.E.2d 840, 842 (Ind.Ct.App.1987); see IND.CODE Sec. 32-2-1-1. Lawler did not raise arguments concerning whether there is a distinction between a one-year oral contract that is renewable and a contract for permanent employment, conditioned on satisfactory performance; however, the characterization does not make a difference because in Whiteco the court held that a claim of an oral promise of a one-year term of employment, renewable thereafter, was barred by the Statute of Frauds.
 
 
 12
 Lawler relies on Romack v. Public Service Co., 511 N.E.2d 1024 (Ind.1987),[3] in arguing that the doctrine of promissory estoppel applies. In Romack the court held that independent consideration existed that was sufficient to require cause to terminate an at-will employee who had been recruited for his unique expertise and had accepted the position on the condition of permanency. The only evidence of detriment that Lawler presented was his allegation that he had enjoyed "permanent" employment at his previous job. This alone is not the sort of evidence that would establish independent consideration. See Whiteco, 514 N.E.2d at 846 (characterizing consequences as "the kind of adverse consequences which normally attend the involuntary termination of someone's employment" in finding no independent consideration); Mehling, 601 N.E.2d 5. Lawler did not claim that he had extracted a promise as a condition of accepting the position at Jacobs, and he did not show sufficient detriment.
 
 
 13
 Lawler argues that the torts of intentional and negligent misrepresentation apply. In Mehling, 601 N.E.2d at 8, the Court of Appeals of Indiana held that claims for intentional and negligent misrepresentation and fraud may not be used to avoid the Statute of Frauds. The court determined that it "[could not] sanction such misuse of a fraud claim."
 
 
 14
 Jacobs requested that this court impose sanctions, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, and Lawler responded in his reply brief. Rule 38 sanctions are appropriate when the appeal is "frivolous", that is "when the result is foreordained by the lack of substance to the appellant's arguments." Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928 (7th Cir.1989) (en banc); see also Ross v. City of Waukegan, 5 F.3d 1084 (7th Cir.1993).
 
 
 15
 We find that this appeal is frivolous. On appeal Lawler has the burden of demonstrating that the district court committed reversible error, and he fails to point to reversible error. This, after Lawler's complete failure to comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the Southern District of Indiana.
 
 
 16
 Additionally the appellant's briefs deliberately omit adverse caselaw, in particular the case of Mehling. Lawler's counsel was the attorney in Mehling, and that opinion was issued before Lawler filed his complaint. After the appellee discussed Mehling, the appellant failed to distinguish the case, choosing rather to ignore it. See Mars Steel Co., 880 F.2d at 939. At oral argument counsel for Lawler acknowledged his familiarity with Mehling; he responded that he did not believe Mehling applied but conceded that he should have mentioned it.
 
 
 17
 For the foregoing reasons we AFFIRM the judgment of the district court, and appellee's motion for Rule 38 sanctions is granted. The appellant is ordered to pay the reasonable costs and attorneys' fees incurred in appellee's defense of this appeal. The appellee should file with this court, within ten days, a statement of its costs, attorneys' fees, and other expenses in accordance with this order.
 
 
 
 *
 Plaintiff erroneously sued the defendant as "Jacobs Engineering Group, Inc." The correct name is "Jacobs Engineering Group of Ohio, Inc."
 
 
 [2]
 There are exceptions to the doctrine of employment at will, none of which are claimed in this case
 
 
 [3]
 In Romack the Supreme Court of Indiana adopted and incorporated the dissent from the decision of the Court of Appeals of Indiana. Romack v. Public Service Co., 499 N.E.2d 768 (Ind.Ct.App.1986)