**Glen A. RATCLIFF, Appellant–Plaintiff,**

v.

**Keith BARNES, Appellee–Defendant.**

**No. 08A04–0010–CV–457.**

Court of Appeals of Indiana.

June 26, 2001.

Florence Anne Briggs, Flora, IN, Attorney for Appellant.

Jim Brugh, Logansport, IN, Attorney for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Glen A. Ratcliff appeals the trial court's grant of summary judgment in favor of Defendant–Appellee Keith Barnes.

We reverse and remand.

## ISSUE

The following issue is dispositive: whether the trial court erred in granting summary judgment for Barnes on Ratcliff's defamation claim.

## FACTS AND PROCEDURAL HISTORY

On December 17, 1998, an article appeared in the Logansport Pharos–Tribune, a newspaper circulated in Carroll County, Indiana, in which allegations were made against County Highway Department Superintendent Peterson. Included in the article were the following quotes by Barnes:

> He [Barnes] went on to say that police reports verify that 60 to 80 loads of stone, each weighing 10 tons, have been stolen from the highway department. Barnes named a co-worker, Glen Radcliff [sic], as the perpetrator.
>
> At approximately $5.75 a ton, Barnes added the county lost upwards of $4,600.00. Furthermore, Radcliff's [sic] long lane, formerly gravel, now is paved, Barnes said. He added that [Highway Superintendent] Peterson knew of the thefts, but turned the other cheek.
>
> Radcliff [sic] also has been permitted to take home the county highway pickup for his own personal use and is the only highway employee who has been provided with a cellular phone in his highway truck, Barnes claimed.

(R. 30).

Ratcliff filed a complaint for defamation. In the complaint, he alleged, among other things, that Barnes maliciously stated a falsehood when he characterized Ratcliff as the "perpetrator" who stole Carroll County ("County") property.

Barnes filed a motion for summary judgment on the basis that "there is no genuine issue as to the material fact that Barnes's statement that Ratcliff stole or took County property was substantially true and that there is insufficient evidence to support a finding that Barnes published these statements with malice." (R. 5). Barnes designated evidence, in the form of an affidavit, in which he stated that (1) he had worked for the County for eight years; (2) he had never taken or hauled County stone to his driveway for his own personal use; and (3) he was "unaware of any written publication or declaration of any County policy or practice permitting Department employees to take County stone for any employee's personal use on that person's private property." (R. 9).

Ratcliff responded by designating evidence, in the form of his affidavit and portions of his deposition, in which he states that (1) he performed snow removal with County trucks as part of his duties with the County Highway Department; (2) he had to be available for emergency call-outs; (3) he and other employees parked their truck in their respective driveways; (4) he and other employees were authorized to put County stone on their driveways to repair damage to the driveways caused by the County Highway trucks; (5) he was authorized to put stone on his driveway with permission of the Superintendent under a long-standing policy; and (6) he was told by Barnes "that the only reason he said that to the newspaper was because someone told him that Ratcliff had accused him of stealing metal out of the County Highway Shop." (R. 23–24).

Additional evidence indicated that the Carroll County Commissioners had recognized the Superintendent's policy regarding placing County stone on an employee's driveway in a meeting occurring on May 4, 1987. After Barnes made the statements, Ratcliff was suspended and terminated from the Highway Department. Ratcliff was prosecuted for theft and was exonerat-

ed by a jury. Other charges were dismissed.

The trial court granted Barnes' motion. Ratcliff now appeals.

## DISCUSSION AND DECISION

The purpose of summary judgment is to terminate litigation about which there is no factual dispute and which may be determined as a matter of law. *Orem v. Ivy Tech State College,* 711 N.E.2d 864, 867 (Ind.Ct.App.1999), *trans. denied.* When reviewing the grant or denial of summary judgment this court applies the same standard as the trial court. *Id.* Summary judgment is appropriate only if the designated evidentiary material shows there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *Id.*

In performing our analysis, we consider the pleadings and evidence sanctioned by Ind. Trial Rule 56(C) without determining weight or credibility. *Mehling v. Dubois County Farm Bureau Co-op. Ass'n,* 601 N.E.2d 5, 6 (Ind.Ct.App.1992). All facts and inferences to be drawn therefrom are viewed favorably to the non-movant. *Id.*

■ Defamation is "that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff." *Davidson v. Perron,* 716 N.E.2d 29, 37 (Ind.Ct.App. 1999), *trans. denied.* To establish defamation, a plaintiff must prove the following elements: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Id.* The latter two elements are not at issue here.

■ Generally, the determination of whether a communication is defamatory is a question of law for the court. *Id.* The determination becomes a question of fact for the jury if the communication is rea-sonably susceptible of either defamatory or non-defamatory interpretation. *Id.* However, a communication is defamatory per se if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct. *Levee v. Beeching,* 729 N.E.2d 215, 220 (Ind.Ct. App.2000). Barnes concedes his characterization of Ratcliff as the "perpetrator" who stole County property is defamatory per se.

■ Our consideration of the first element does not end with this concession because not all defamation is actionable. *See Northern Indiana Public Service Co. v. Dabagia,* 721 N.E.2d 294, 301 (Ind.Ct. App.1999), *trans. denied.* In order to show that a defamatory communication is actionable, a plaintiff must prove that the communication is false. Ind.Code § 34–15–1–2; *Kitco, Inc. v. Corp. for General Trade,* 706 N.E.2d 581, 587 (Ind.Ct.App. 1999).

In both his motion for summary judgment and his brief on appeal, Barnes contends that his defamatory communication is not actionable because it is "substantially true." Barnes cites *Journal–Gazette Co. v. Bandido's Inc.,* 712 N.E.2d 446 (Ind. 1999), *cert. denied,* 528 U.S. 1005, 120 S.Ct. 499, 145 L.Ed.2d 385, and related cases in support of his contention. In *Bandido's,* our supreme court considered the similarity between the defamatory "sting" of an inaccurate newspaper headline referring to the closing of a Bandido's restaurant because of the presence of "rats" and the "gist of the truth" that the closing occurred because of the presence of rodent droppings. *Id.* at 461. The court held that the "sting" of the headline was sufficiently similar to the gist of truth to be "substantially true," and thus not actionable. *Id.* (citing *Chapin v. Knight–Ridder, Inc.,* 993 F.2d 1087, 1092 (4th Cir.1993) for

the proposition that when "[t]he falsity of a statement and the defamatory 'sting' arises from substantially true facts, the plaintiff may not rely on minor or irrelevant inaccuracies to state a claim for libel"). The court further held that "[w]hatever distinction one might draw between a rat and rodent, we believe the difference 'fits easily within the breathing space that gives life to the First Amendment.'" *Id.* (quoting *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 513, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984)).

■ In the present case, Barnes emphasizes that he was telling the truth when he stated that Ratcliff took County stone and put it on his own driveway. Barnes says nothing about his defamatory characterization of Ratcliff as a "perpetrator" who stole County property, a characterization which appears to be untrue. The apparent inaccuracy of this defamatory characterization does not possess the same "sting" as the truth, and the characterization is not a minor or irrelevant inaccuracy. Barnes' "truth" defense must fail.

■ We now consider the element of "malice" as it applies to this case. In Indiana, private individual plaintiffs bringing defamation actions must show "actual" malice in matters of public or general concern. *Id.* at 452. Actual malice exists when "the defendant publishes a defamatory statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Id.* at 456. (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)). In order to prove that a defendant published with reckless disregard, a plaintiff must designate "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.* A defendant's state of mind is a subjective fact and may be shown by indirect or circumstantial evidence. *Id.* A defendant cannot "automatically insure a favorable verdict by [stating in an affidavit] that he published with a belief that the statements were true." *Kitco,* 706 N.E.2d at 588. The initial question of whether there is sufficient evidence to support a finding of actual malice is a question of law to be determined by the court. *Id.*

■ As noted above, Barnes states in his affidavit that he did not know of the policy. On the other hand, in his affidavit Ratcliff states that he and other County employees were authorized, as a matter of policy, to put stone on their driveways. In his deposition, which was designated as evidence by both parties, Ratcliff states that he acted with permission of the Superintendent under a long-standing policy. Ratcliff also states in his deposition that putting stone on driveways had been done "years before he was an employee" and was a policy "continued from years past." The 1987 minutes of the Commissioner's meeting serve to bolster Ratcliff's claims that there was a policy which allowed employees to put stone on their driveway, a policy that Ratcliff specifically claims in his deposition has become "common knowledge" during the ensuing years. (R. 91).

This evidence, if true, indicates that the County policy of allowing drivers to use County stone to repair driveways damaged by heavy County vehicles had been acknowledged in the past by the County Commissioners and was currently known by County workers. Ratcliff also designated evidence, in the form of the newspaper article, which indicates that Barnes was unhappy with Peterson's performance as his superior. Ratcliff further designated evidence which, if true, indicates that Barnes' statement was made in retaliation for Ratcliff's alleged prior statement characterizing Barnes as a thief who stole metal from the County Highway Shop. A rea-

sonable inference can be drawn from this indirect evidence that, as a County worker, Barnes knew that Ratcliff's use of the County's stone was authorized and that Barnes' ill-will toward both Peterson and Ratcliff motivated him to make a defamatory statement that he knew was not true. We cannot say as a matter of law that Ratcliff has failed to establish a question of fact on the issue of actual malice. Thus, the question becomes one for the jury.

## CONCLUSION

The trial court erred in determining either that Barnes was entitled to judgment as a matter of law or that there were no genuine issues of material fact on the validity of Ratcliff's defamation claim.

Reversed and remanded.

SHARPNACK, C.J., and SULLIVAN, J., concur.