## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 27 2018, 7:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEES

Andrew B. Miller
Starr Austen & Miller, LLP
Logansport, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Darrell Birge, | April 27, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 54A01-1709-PL-2298 |
| v. | Appeal from the Montgomery Circuit Court |
| Barton W. Maxwell, Jr., and Maxwell Farm Drainage, Inc., | The Honorable Samuel A. Swaim, Special Judge |
| *Appellees-Defendants* | Trial Court Cause No. 54C01-1501-PL-7 |

**Baker, Judge.**

[1] Darrell Birge appeals the trial court's order granting summary judgment in favor of Barton W. Maxwell, Jr., and Maxwell Farm Drainage, Inc. (collectively, Maxwell) on Birge's defamation claim. Finding no error, we affirm.

## Facts

[2] Birge and Maxwell are farm drainage contractors in Montgomery County. In 2007, Birge was hired by the Montgomery County Drainage Board to reconstruct the James Sanders Drain, which is located on both sides of and underneath Interstate 74 in Montgomery County. The project, which was a public project under public bid, was intended to improve drainage in that area. Birge's work, which took place in 2007 and 2008, consisted of laying new drain tile.

[3] In the years following the completion of the project, problems with drainage in that area were reported. A remote-controlled camera inspection of the James Sanders Drain revealed that the tile that had been laid by Birge was off-grade, with "bellies" and "rises" in it, and that there were spots of standing water in the tile. Supplemental Appellees' App. Vol. II p. 2. Birge believes that these problems were a result of maintenance and design, while Maxwell believes that they stem from Birge's installation errors.

[4] Maxwell had multiple clients that were adversely affected by persistent drainage problems near the James Sanders Drain following the Birge construction work. Maxwell and another entity, which manufactures and supplies drainage tile,

developed a plan to remedy the problems—essentially, the drain would be replaced with a new one laid next to the one installed by Birge. The manufacturer agreed to donate the new replacement tile and Maxwell agreed to donate the labor to install the new tile.

[5] While the project would be free of charge, because a public drain was involved, approval had to be obtained from the Montgomery County Drainage Board. At the January 7, 2013, Drainage Board meeting, Maxwell and the tile manufacturer made their offer. During that meeting, Maxwell made the following statement to explain why, in his opinion, the proposed project was needed:

> [The James Sanders Drain] goes up on to some customers of mine, . . . and they've had to spend quite a bit on camera work and trying to figure out and *the contractor that was put in was incompetent*. Put it in off grade and it's been a real problem for my—my customers.

Appellees' App. Vol. II p. 206 (emphasis added).[1] Maxwell did not identify Birge by name. The Drainage Board ultimately approved the project proposed by Maxwell and the tile manufacturer.

---

[1] Birge directs our attention to three other statements made by Maxwell at the meeting. But only the statement set forth above was included in his complaint. When making a defamation claim, it is essential to include the alleged defamatory statement(s) in the complaint. *Trail v. Boys and Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006). As the other three statements were not included in the complaint, we will not consider them on appeal.

On January 7, 2015, Birge filed a defamation complaint against Maxwell and multiple other defendants. Maxwell filed a motion for summary judgment on February 3, 2017, which the trial court summarily granted on August 28, 2017.[2] Birge now appeals.

## Discussion and Decision

Birge argues that the trial court erred by granting summary judgment in favor of Maxwell. Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

---

[2] The other defendants likewise sought and received summary judgment. Birge has not appealed those orders.

In this case, there is no genuine issue of material fact, as Maxwell admits that he made the statement at issue. What we must determine, therefore, is whether the trial court properly determined that Maxwell is entitled to judgment as a matter of law. A defendant in a defamation case is entitled to summary judgment if he demonstrates that the undisputed material facts negate at least one element of the plaintiff's claim. *Sheets v. Birky*, 54 N.E.3d 1064, 1069 (Ind. Ct. App. 2016).

To prevail on a defamation claim, a litigant must prove the existence of "(1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages." *Id.* at 1070. A statement is defamatory if it "tends 'to harm a person's reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person.'" *Id.* (quoting *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007)).

Here, Maxwell went out of his way to *avoid* naming Birge. Instead, in making his proposal to the Drainage Board, Maxwell simply referred in general terms to the prior contractor. *See Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind. 1994) (holding that defamatory words "are not actionable unless they refer to some ascertained or ascertainable person, and that person must be the plaintiff"). Furthermore, Maxwell did not allege any verifiable misconduct; instead, he merely expressed his opinion that the prior contractor had been incompetent and made mistakes. *See Sheets*, 54 N.E.3d at 1071 (holding that statements of opinion cannot be the predicate of a defamation per se claim and that for a statement concerning someone's employment to be defamatory the

statement must impute some type of occupational misconduct without resort to extrinsic evidence). Under these circumstances, the statement at issue was not defamatory.

[11] Moreover, even if we gave Birge the benefit of the doubt on the defamatory nature of the statement, he would not prevail on the issue of actual malice. "Actual malice" means that the defendants knowingly made a false statement or made a statement with reckless disregard of its truth or falsity. *Poyser v. Peerless*, 775 N.E.2d 1101, 1107 (Ind. Ct. App. 2002). To make this showing, Birge would have to "designate 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'" *Id.* (quoting *Ratcliff v. Barnes*, 750 N.E.2d 433, 437 (Ind. Ct. App. 2001)). There is simply no evidence in the record that Maxwell knowingly made a false statement or entertained serious doubts as to the truth of the statement. As Maxwell has negated multiple elements of Birge's claim, the trial court did not err by granting summary judgment in favor of Maxwell.

[12] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.