587 P.2d 1189

**E. M. ROGERS and Priscilla Rogers, his wife, Plaintiffs-Appellees,**

**v.**

**HECLA MINING COMPANY, a Washington Corporation, doing business in Arizona, Defendant-Appellant.**

**No. 2 CA–CIV 2956.**

Court of Appeals of Arizona, Division 2.

Oct. 10, 1978.

Rehearing Denied Nov. 22, 1978.

Jenson & Johnson, P. C. by Dennis D. Jenson, Coolidge, for plaintiffs-appellees.

Twitty, Sievwright & Mills by N. Douglas Grimwood, Phoenix, for defendant-appellant.

OPINION

RICHMOND, Chief Judge.

The sole question on this appeal is whether the trial court erred in concluding that a letter from appellant to appellee E. M. Rogers guaranteed him employment through December 1977. The pertinent portions of the letter stated:

"Mr. Paul Musgrove, Manager of our Metallurgical Department, would like to extend you an offer of employment as a Technician II in our pilot plant project.

"This employment is of temporary nature and not expected to last beyond Decem-

ber 1977 after which time we cannot guarantee further employment.

"Your starting salary would be $1,189.00 per month. This offer is contingent upon your passing our preemployment physical examination."

The parties submitted the case on the following stipulation:

1. That on or about April 29, 1977, appellant made the foregoing offer of employment and Rogers accepted the offer, began work pursuant to the terms of the letter, and fully performed the duties of his employment until August 29, 1977, when appellant notified him that it was suspending its operation and in effect terminated his employment.

2. That the only issue in this case is whether the letter on its face guaranteed Rogers employment through December 1977, and that the question was entirely one of law, subject to summary judgment.

3. That no consideration was paid by Rogers other than his acceptance of the job.

4. That the position for which Rogers was employed was not an important one which was likely to be permanent.

5. That appellant did not have notice either before, after, or at the time of offering employment that Rogers would have to change his residence, resign from his previous job or undergo any other important change in his general relations to accept the job.

6. That Rogers did not change his residence, resign from his previous job or undergo any other important change in his general relations to accept the job.

7. That Rogers believed that the letter guaranteed him employment through December 1977.

8. That appellant and Anthony Lanzone, the author of the letter, did not think the letter guaranteed Rogers employment through December 1977.

■ An employment contract not specifically intended by the parties to be of any certain duration creates an employment relationship which is terminable at will by either party without cause and without liability. *Horizon Corporation v. Weinberg,* 23 Ariz.App. 215, 531 P.2d 1153 (1975). We do not agree with the trial court's conclusion that the April 29, 1977, letter offered employment to Rogers for a fixed period, i. e., at least until the end of 1977, merely because it declined to guarantee employment thereafter. We construe the phrase "not expected to last beyond December 1977 after which time we cannot guarantee further employment" as one of expectation and not sufficient to insert any ambiguity into an otherwise customary employment relationship terminable at will. *Buian v. J. L. Jacobs and Company,* 428 F.2d 531 (7th Cir. 1970).

■ We are not bound by the trial court's construction of the employment contract. Judgment is reversed with directions to enter judgment in favor of appellant.

HOWARD and HATHAWAY, JJ., concur.