Patrick T. **GRIFFIN**, Appellant–
Plaintiff Below,

v.

**ELKHART GENERAL HOSPITAL, INC.,**
Appellee–Defendant Below.

**No. 50A03–9108–CV–264.**

Court of Appeals of Indiana,
Third District.

Feb. 11, 1992.

Joseph V. Simeri, Butler, Simeri, Konopa & Laderer, South Bend, for appellant.

Byron L. Myers, Kevin C. Woodhouse, Ice Miller Donadio & Ryan, Indianapolis, for appellee.

STATON, Judge.

Patrick Griffin appeals the entry of summary judgment in favor of Elkhart General Hospital ("Hospital") in his action for breach of contract of employment, raising

the sole issue of whether the trial court properly entered summary judgment.

We affirm.

In August of 1988, Griffin, who had been employed by Hospital since 1979 as a Director of Plant Operations, was offered a position at Hospital as a Director—Construction Management overseeing the construction of the new Energy Center Complex. The terms of his promotion are set out in a memorandum sent to him by Kevin Britt, a vice president of Hospital, which states:

> Pursuant to our discussion of August 8, 1988, wherein you requested an opportunity to depart from the role of Director–Plant Operations and Maintenance to assume the newly created position of Director–Construction Management, I am prepared to approve your request for said change, under the following terms and conditions:
>
> a) The position, as we discussed, is projected to enjoy a duration of AP-PROXIMATELY THREE (3) YEARS. I am unable to guarantee a specific timeframe for the position, nor predict a precise termination point.
>
> b) Your ability to maintain this position will, as with all positions at EGH, be predicated on your performance in this new capacity.
>
> c) The position will report directly to the Vice President–Operations, who will complete the annual performance review.
>
> d) Your current salary and benefits will transfer to this new capacity; your salary will be frozen at the current level for the duration of your role as Director–Construction Management.
>
> e) Appropriate office space and clerical support will be provided you in this new role.

> I understand and agree to the points defined herein.
>
> 8/11/88
> Date

> /s/ Patrick T. Griffin
> Patrick T. Griffin

Record, 373 (emphasis in original).

Griffin was terminated in May of 1989 and brought this lawsuit, alleging his termination was a violation of the above employment contract. Hospital moved for summary judgment, and the motion was granted by the trial court, which found that the memorandum "did not promise employment to [Griffin] for a fixed period of time so as to convert his status from that of an employee at will to that of a contractual employee." Record, p. 78. This appeal followed.

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Id.* Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Kolczynski v. Maxton Motors, Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *transfer denied.*

Griffin argues that the inter-office memorandum was not the complete expression of the employment agreement between the parties, and therefore a question of fact remained as to the terms of the agreement rendering summary judgment inappropriate. Hospital counters that even if the memorandum was not the complete agreement between the parties, the representations which Griffin alleges were made to him do not establish that Griffin was more than an at-will employee. Hospital is correct.

The employment at will doctrine states that where the tenure of service of an employee is indefinite or cannot be determined by the terms of the employment contract, employment is presumptively terminable at the will of either party. *Streckfus v. Gardenside Terrace Co-op., Inc.* (1987), Ind., 504 N.E.2d 273, 275; *Tri–City Comprehensive Comm. Mental Health v. Franklin* (1986), Ind.App., 498 N.E.2d 1303, 1305. The employee at will may be

discharged by his employer for any cause whatsoever, or for no cause, without giving rise to an action for damages. *Tri–City, supra,* at 1305.

On its face the memorandum, even when viewed in the light most favorable to Griffin, does not purport to grant Griffin a fixed and definite tenure of employment. However, Griffin contends that his deposition testimony, when viewed in the light most favorable to him, establishes an issue of fact as to whether the contract of employment had a definite term. Griffin argues that his deposition testimony establishes that the term of his employment was tied to the completion of the Energy Center. He points to the following testimony:

Q Did you sign it [the memo] in the same conversation with him [Britt]?

A No. He told me to take it and review it and think about it. I expressed concerns about the time frame. He guaranteed me and gave me his verbal guarantee, "You will be here for three years. No problem. If the Energy Center goes longer, you'll be here to the completion of the Energy Center."

Record, p. 208. However, Griffin also testified as follows:

Q Did you read [the memo] before you signed it?

A Oh, yeah.

Q Did you have any problem understanding anything in it?

A No. I understood it perfectly.

Q Did you think it accurately reflected what your agreement was?

A As far as what the hospital's requirements were and what they were offering me and what I was accepting from the hospital, yes.

Q So you think it accurately reflected what your understanding, yours and the hospital's, was about you going into this position?

A Right. This told me exactly what the hospital was guaranteeing me.

Record, p. 209. With regard to the date of termination, he testified:

Q Paragraph A of [the memo] says that the position, referring to the director of construction management, is projected to enjoy a duration of approximately three years, and it says, "I am unable to guarantee a specific time frame for the position nor predict a precise termination point."

That's referring to the fact that the idea was that it would match however long it took to do the Energy Center; is that right?

A A minimum of that. It could have lasted longer, 10 years, 12 years.

Q If they decide to do some other construction or something like that?

A Yeah.

Q So really, it was an indefinite duration at that time depending on what other construction was going to be done?

A There was a minimum of three years with an open-end as far as how far past that it would last.

Q That was your understanding of it, right?

A That was their understanding of it, too. That's what they told me. That's what Kevin told me.

Record, pp. 211–212.

This court was faced with a similar situation in *Montgomery Ward & Co. v. Guignet* (1942), 112 Ind.App. 661, 45 N.E.2d 337, *reh'g denied.* In *Montgomery Ward,* the plaintiff sought employment as a store manager:

The appellee testified that on this occasion the appellant's employing agent assured him that his employment with them would require a course of training to fit him for the duties as store manager, which would cover a period of possibly five years, and that the company would not be interested in training a man for five years to discharge the duties as their manager unless they considered the employment to be permanent in nature.

*Id.* 45 N.E.2d at 341. The plaintiff was hired on February 29, 1936, but was discharged on October 30, 1937. In reversing a judgment for the plaintiff on his claim for

wrongful termination, the court held that the contract did not provide for permanent employment but was a contract at will, which could be terminated by Montgomery Ward at any time at its election.

Other jurisdictions have encountered situations nearly identical to the one in question, and have concluded that representations such as the ones alleged by Griffin did not establish that the contract of employment was for a fixed and definite period of time. Consequently, they have found the contract to be terminable at the will of the employer. *See Buian v. J.L. Jacobs and Company* (7th Cir.1970), 428 F.2d 531, *reh'g denied* (contract provided "It is scheduled that your assignment in Saudi Arabia will continue for a period of eighteen (18) months"); *Payne v. AHFI/Netherlands, B.V.* (N.D.Ill.1980), 522 F.Supp. 18 (contract stated "It is expected that the employee will remain in the foreign post for the duration of the project which is expected to be approximately two (2) years"); *Stancil v. Mergenthaler Linotype Co.* (D.Hawaii 1984), 589 F.Supp. 78 (employment contract purported to last "as long as plaintiff meets his sales quota"); *Roy Jorgensen Associates v. Deschenes* (1982), Fla.App., 409 So.2d 1188 (contract stated "On or about October 31 you will be assigned to our Ecuador Highway Maintenance Technical Assistance Project in the capacity of Highway Maintenance Engineer for a period of 28 months"); *Aberman v. Malden Mills Industries, Inc.* (1987), Minn. App., 414 N.W.2d 769 ("Permanent employment", "life employment", and "as long as the employee chooses" indicate an at-will contract; general statements as to job security create nothing more than at-will employment); *Rogers v. Hecla Mining Co.* (1978), 120 Ariz. 612, 587 P.2d 1189 (contract stated employment "not expected to last beyond December 1977, after which time we cannot guarantee further employment").

Griffin directs us to *Whitlock v. Haney Seed Co.* (1986), 110 Idaho 347, 715 P.2d 1017, where there was an oral agreement that if the employee performed his job satisfactorily, he would keep his job until there was a change in ownership, cessation of plant operations, or an expiration of a 30 year lease. The Idaho Court of Appeals found that such an agreement constituted an employment contract for a fixed and definite duration.

We decline to follow *Whitlock*, as we believe that the contrary view is the better view and is most compatible with this court's decision in *Montgomery Ward.* Accordingly, we hold that even if we accept Griffin's contention that his employment was tied to the completion of the Energy Center project, such an agreement did not constitute a definite term of employment which would remove this case from the employment at will doctrine. Since Griffin was an employee at will, Hospital could terminate his employment for any cause whatsoever, or for no cause. *Tri–City, supra.* The trial court properly granted summary judgment in favor of Hospital.

As our resolution of this issue is dispositive, we do not address the parties' contentions regarding the parol evidence rule and the statute of frauds.

Affirmed.

HOFFMAN and SHARPNACK, JJ., concur.