**TRINITY BAPTIST CHURCH, et al., Appellants–Defendants,**

v.

**Rev. George M. HOWARD, et al., Appellees–Plaintiffs.**

No. 45A05–0605–CV–230.

Court of Appeals of Indiana.

July 17, 2007.

Kathryn D. Schmidt, Merrillville, IN, Joseph A. Samreta, Munster, IN, Attorneys for Appellants.

Robert L. Lewis, Gary, IN, Attorney for Appellees.

## OPINION

HOFFMAN, Senior Judge.

Defendants–Appellants Trinity Baptist Church et al. appeal from a judgment in favor of Plaintiffs–Appellees Reverend George M. Howard et al. We affirm.

Howard raises a jurisdictional issue, which because of its nature, we will address it first. Trinity raises two issues for our review, which restate as Issues II and III below:

I. Whether Trinity timely filed its notice of appeal.

II. Whether the trial court erred in denying Trinity's summary judgment motion.

III. Whether the trial court abused its discretion in denying Trinity's motion for continuance.

In 1994, Trinity recruited Howard to be the pastor of the Trinity Baptist Church in Gary, Indiana, when the former pastor died after fifty-four years of service. Howard left his church in Iowa and served as Trinity's pastor from 1994 through the end of 1996 without a written contract of compensation. On December 29, 1996, Trinity's Board adopted an agreement governing "the full and complete terms and agreement for the employment compensation of [Howard]. . . ." Appellants' App. at 28. On February 3, 1997, this agreement was signed by members of the Trinity Board.

In 2001, the Trinity Board terminated Howard's employment after a no confidence vote by the church's membership. Howard subsequently filed a complaint alleging, among other things, that the termination of his employment constituted a breach of the compensation agreement. Prior to trial, Trinity filed a summary judgment motion arguing, among other

things, that the agreement between the parties was merely a compensation agreement and that the terms of employment were controlled by the church's by-laws. The motion was denied on March 10, 2004; subsequently, the case went to trial. On March 31, 2006, a jury found for Howard and awarded him $205,000 in damages.[1] Final judgment was entered on the same day. On May 1, 2006, Trinity filed a notice of appeal stating its intention to appeal the final judgment and requesting preparation of the trial transcript. On August 10, 2006, Trinity supplemented its notice of appeal and requested the preparation of the transcript for the summary judgment hearing.

## I.

■ Howard contends that Trinity failed to timely file its notice of appeal as it pertains to the trial court's denial of Trinity's summary judgment motion. Specifically, Howard contends that by not announcing its intention to appeal from the denial of its summary judgment motion and by not requesting the transcript for the summary judgment hearing in its original notice of appeal, Trinity waived its right to appeal the trial court's denial of summary judgment. In support of his contention, Howard cites *WW Extended Care, Inc. v. Swinkunas et al.*, 764 N.E.2d 787 (Ind.Ct.App.2002).

An appeal of a final judgment is initiated by the timely filing of a notice of appeal within thirty days after the entry of judgment or the denial of a motion to correct error. Indiana Rule of Appellate Procedure 9(A)(1). The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal. App.R. 9(A)(5).

In *Swinkunas,* the appellant filed two motions to correct error, the first of which raised the issue of the trial court's jurisdiction. The appellant did not file a notice of appeal after the denial of the first motion to correct error, instead waiting until after the denial of the second motion to correct error to raise the jurisdictional issue on appeal. 764 N.E.2d at 790. We held that by failing to comply with App.R. 9(A)(1) by filing a notice of appeal within thirty days of the denial of the first motion to correct error, the appellant waived the jurisdiction issue and could not belatedly raise it in the appeal of the trial court's denial of the second motion to correct error. *Id.* at 791.

■ In the present case, the propriety of the trial court's denial of summary judgment is an interlocutory matter, not an issue that was foreclosed by a previous motion to correct error. A claimed error in an interlocutory order is not waived for failure to take an interlocutory appeal, and it may be raised on appeal from the final judgment. *Bojrab v. Bojrab,* 810 N.E.2d 1008, 1014 (Ind.2004). Trinity's timely filed notice of appeal pertaining to the final judgment was also timely as to the interlocutory order denying summary judgment. Its second "notice of appeal" was in substance a supplemental request for transcript as sanctioned by App.R. 9(G).

## II.

■ Trinity contends that the trial court erred in denying its summary judgment motion. Trinity argues that the agreement between the Trinity Board and Howard was a compensation agreement, not an agreement for employment. In the alter-

---

1. The jury also found in favor of Julia Howard and Educational Daycare Ministry in the amount of $37,500.

native, Trinity argues that the agreement, through its reference to the church's by-laws, establishes an indefinite term of employment and that it therefore should be interpreted as establishing an employment at will relationship. Trinity points out that an employee at will may be terminated for any reason or no reason at all.

The purpose of summary judgment is to terminate litigation about which there is no factual dispute and which may be determined as a matter of law. *Ratcliff v. Barnes*, 750 N.E.2d 433, 436 (Ind.Ct.App. 2001), *trans. denied.* When reviewing the grant or denial of summary judgment, this court applies the same standard as the trial court. *Id.* Summary judgment is appropriate only if the designated evidentiary material shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Construction of a written contract is a question of law for which summary judgment is particularly appropriate. *Merrillville Conservancy District ex rel. Bd. of Directors v. Atlas Excavating, Inc.*, 764 N.E.2d 718, 724 (Ind.Ct.App.2002).

■ In reference to Trinity's initial argument, we note that the words or labels of a contract are not conclusive but should be considered in connection with the provisions of the contract. *Rogers v. Lockard*, 767 N.E.2d 982, 991 (Ind.Ct.App.2002). The interpretation of a contract cannot be controlled by reference to labels, but instead the court must look through form to substance. *Atlas*, 764 N.E.2d at 724, n. 3. Here, the agreement between Trinity and Howard is entitled "Compensation for Pastoral Services between Trinity Baptist Church and Reverend George M. Howard,

Sr." The agreement provides in Article I ("Introduction") that it contains the "full and complete terms and agreement for [Howard's] employment compensation" and that Howard's compensation could be "terminated or reassigned by [Howard] with a 60 day notice." Appellant's App. at 355. The agreement also provides that "employment shall be in accordance with the by-laws of the church." *Id.* It is apparent from the language of the agreement that although it is primarily a compensation agreement, it also covers terms of employment by incorporation of the church's by-laws. Thus, we cannot agree with Trinity's initial contention.

■ In reference to Trinity's alternative argument, we note that Article IX, Section 1 of the church's by-laws state that "[t]he pastor is called for life and removable only by death."[2] Trinity argues that Howard's term of employment, as defined by the by-laws, was so indefinite that the relationship between the parties should be characterized as at will employment. Trinity cites *Griffin v. Elkhart General Hospital, Inc.*, 585 N.E.2d 723 (Ind.Ct.App.1992) and *Pepsi–Cola General Bottlers, Inc. v. Woods*, 440 N.E.2d 696 (Ind.Ct.App.1982) in support of its alternative argument.

In *Griffin*, this court noted that the employment at will doctrine states "that where the tenure of service of an employee is indefinite or cannot be determined by the terms of the employment contract, employment is presumptively terminable at the will of either party." 585 N.E.2d at 724–25. The court further noted that an employee at will "may be discharged by his employer for any cause whatsoever, or for no cause, without giving rise to an

---

**2.** There are other provisions under Article IX of the by-laws; however, Trinity's general designation of the by-laws is not sufficient to comply with the specificity requirements of Indiana Trial Rule 56, and we cannot consider these provisions on appeal. *See National Examiners for Osteopathic Physicians and Surgeons, Inc. v. American Osteopathic Association*, 645 N.E.2d 608, 615 (Ind.Ct.App.1994).

action for damages." *Id.* The agreement at issue in *Griffin*, a memorandum signed by the employer, stated that employment was projected to last approximately three years and that the employer was "unable to guarantee a specific timeframe for the position, nor predict a precise termination point." *Id.* at 724. The memorandum also provided that the employee's "ability to maintain this position will, as with all positions at [the employer], be predicated on your performance in this new capacity." *Id.* The employee, however, argued that the memorandum was not the complete agreement between the parties. *Id.* The employee relied on his deposition testimony that he understood the memorandum to guarantee employment for three years. *Id.* at 725.

In determining that the contract created an employment at will relationship, the *Griffin* court cited *Aberman v. Malden Mills Industries, Inc.*, 414 N.W.2d 769 (Minn.App.1987) for the proposition that expressions such as "permanent employment," "life employment," and "as long as the employee chooses" indicate an at will contract. *Id.* at 726. The employment "contract" in *Aberman* consisted of oral representations allegedly made by the employer. The court held that Aberman was required to show objective evidence of the employer's intent and that he could not rely "on his own subjective belief that they had a lifetime employment contract." 414 N.W.2d at 771. The court further held that "[c]ourts are reluctant to find a lifetime employment contract because such alleged contracts are often 'oral, uncorroborated, vague in important details and highly improbable.'" *Id.* It was within this context that the Minnesota court held that the aforementioned phrases are insufficient to show a contract for a definite term. Indeed, *Griffin* and *Aberman* (along with the *Pepsi–Cola Bottlers* case cited by Trinity) are representative of a line of cases which do not contain definite statements of intention within the employment agreements between the parties.

■ In determining whether the church's by-laws in the present case create an employment relationship outside the employment at will doctrine, we note that Indiana has recognized two basic forms of employment—employment for a definite or ascertainable term and employment at will. *See Eck & Associates, Inc. v. Alusuisse Flexible Packaging, Inc.*, 700 N.E.2d 1163, 1167 (Ind.Ct.App.1998), *trans. denied.* If there is an employment contract for a definite or ascertainable term, and the employer has not reserved the right to terminate the employment before the conclusion of the contract, the employer "generally may not terminate the employment relationship before the end of the specified term except for cause or by mutual agreement." *Id.* If there is no definite or ascertainable term of employment, then the employment is at will, and is "presumptively terminable at any time, with or without cause or by mutual agreement." *Id.*

■ The employment at will doctrine is a rule of contract construction, not a rule imposing substantive limitation on the parties' freedom to contract. *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind.1997). If the parties include a clear provision in an employment contract, the presumption that employment is at will may be negated. *Id.*

Here, the church's by-laws, which were drafted by Trinity and were incorporated into the agreement between Trinity and Howard, clearly state that a pastor is "removable only by death." This provision is unequivocal and it negates the presumption that Howard was an at will employee who could be terminated without cause.

Trinity argues that the provision is not sufficiently definite to take this case out-

side of the at will presumption. Although no Indiana case has decided this issue, we note that such a provision has been deemed "clear and unequivocal." *See Wesson v. Huntsman Corp.,* 206 F.3d 1150, 1155 (11th Cir.2000). It is this clear and unequivocal character that restrains us from construing the contract between Trinity and Howard.

Trinity implies that a lifetime employment provision needs independent consideration to rebut the at will employment presumption. We note that the cases that have so held are primarily interpreting "agreements" which are fraught with equivocal oral or written statements of intent, not clear statements such as the one at issue. *See Eck,* 700 N.E.2d at 1169–70 (citing *Streckfus v. Gardenside Terrace Co-op., Inc.,* 504 N.E.2d 273, 275 (Ind. 1987)).

The trial court did not err in refusing to find as a matter of law that the employment agreement between Trinity and Howard creates an at will employment relationship. Accordingly, the trial court did not err in denying Trinity's summary judgment motion.

### III.

■ Howard filed his proposed pre-trial order, including his witness and exhibits list, on the day of trial. Trinity pointed out that the pre-trial order was not timely, and it objected and asked for a continuance or a change of venue. In response to Trinity's objection, the trial court stated "[T]hey're not of any substance, they're just a list. The discovery would show whether they've been disclosed to the defense before, and if they have not then that's subject to an objection when the witness or the exhibit is called or offered." Appellant's App. at 203.

■ Trinity contends that the trial court should have granted his motion for continuance because it was prejudiced by Howard's late filing. In resolving this issue, we initially note that granting or denying a party's motion for continuance is left to the sound discretion of the trial court. We will only overturn the trial court's decision for an abuse of discretion. *Litherland v. McDonnell,* 796 N.E.2d 1237, 1240 (Ind.Ct.App.2003), *trans. denied.* An abuse of discretion occurs where the trial court reaches a conclusion that is clearly against the logic and effect of the facts of the case. *Id.* In the context of a motion for continuance, the moving party must show that its rights are likely to be prejudiced by the denial. *Id.*

Here, the trial court recognized the potential for prejudice to Trinity and provided instruction as to how Trinity could avoid such prejudice. On appeal, Howard claims that Trinity did not make any objections based upon prejudice at trial, and Trinity does not now claim to have done so. Furthermore, even though Trinity has renewed its claim of prejudice on appeal, it has not shown how it was prejudiced. Under the circumstances of this case, the trial court did not abuse its discretion in denying Trinity's motion.

Affirmed.

RILEY, J., concurs.

FRIEDLANDER, J., dissenting with separate opinion.

FRIEDLANDER, Judge, dissenting.

I believe Trinity's motion for summary judgment should have been granted, and therefore respectfully dissent from affirming its denial.

The law in this case is straightforward and uncontroversial. In a nutshell, Indiana recognizes two basic forms of employment, i.e., employment for a definite or ascertainable term, and employment at-

will. *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712 (Ind. 1997). " 'If there is an employment contract for a definite term, and the employer has not reserved the right to terminate the employment before the conclusion of the contract, the employer generally may not terminate the employment relationship before the end of the specified term except for cause or by mutual agreement.' " *Id.* at 717 (quoting *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997)). If, however, "there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause, by either party." *Id.* Put more simply, except for exceptions clearly not applicable here, an at-will employee may be discharged by the employer at any time for any reason. *Tony v. Elkhart County*, 851 N.E.2d 1032 (Ind.Ct.App.2006). Those employed under a contract for a stated period may not be discharged unless it is consistent with the employment contract. In this case, that means that Trinity was entitled to summary judgment if Howard was an at-will employee, but was not so entitled if Howard's employment was for a definite term. The critical question, then, is what was the term of Howard's employment—or was there one?

The source of the answer to that question lies in a particular portion of Trinity's by-laws that were incorporated into Howard's employment contract. The passage in question states, "The pastor is called for life and removable only by death." *Op.* at 1228. Howard claims, and the Majority agrees, that this created a contract for a definite term—and that term is as long as Howard is alive. Trinity counters that *Griffin v. Elkhart Gen. Hosp., Inc.*, 585 N.E.2d 723 (Ind.Ct.App.1992), supports the opposite result, i.e., that the stated term is too indefinite to take this case outside of the at-will employment doctrine. I agree with Trinity.

I note in particular a case cited with approval in *Griffin* that reached this conclusion based on language similar to that before us in this case, i.e., *Aberman v. Malden Mills Indus., Inc.*, 414 N.W.2d 769 (Minn.Ct.App.1987) " '[p]ermanent employment', 'life employment', and 'as long as the employee chooses' indicate an at-will contract; general statements as to job security create nothing more than at-will employment". *Griffin v. Elkhart Gen. Hosp., Inc.*, 585 N.E.2d at 726 (internal quotations unattributed). I cannot subscribe to the rationale adopted by the Majority to distinguish *Griffin*. In my view, a contract provides a definite term only if it states a specific period of time or identifies a date certain that the contract term expires. Consistent with *Griffin*, references to future, uncertain events and indefinite time periods are too vague to constitute the required definiteness. I can find no meaningful distinction between a promise of "permanent employment," "life employment," and "as long as the employee chooses,"—all of which the *Griffin* court rejected as stating no definite term, and the language in the instant case that called for "employment for life and removable only by death." In fact, I find *Griffin* squarely on point and dispositive of this controversy.

I would reverse the trial court and remand with instructions to grant Trinity's motion for summary judgment.