**David M. PETERS, Appellant–Respondent,**

v.

**Julie PERRY, Elzie D. Hale and Theresa A. Hale, Appellees–Petitioners.**

**No. 03A01–0701–CV–5.**

Court of Appeals of Indiana.

Sept. 20, 2007.

David M. Peters, Port Charlotte, FL, pro se.

David M. Brinley, Eynon Law Group, Thomas N. Mote, Lawson Pushor Mote &amp; Gamso, LLC, Columbus, Irwin J. Prince, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BARNES, Judge.

### Case Summary

David Peters appeals the trial court's entry of judgment against him based on his failure to comply with discovery. We dismiss.

### Issue

Peters raises three issues. We address one dispositive issue, which is whether Peters's notice of appeal was timely filed.

### Facts

On May 5, 2004, Julie Perry, as a co-plaintiff, filed a complaint against Peters and others seeking to quiet title to certain property and to set aside fraudulent transfers. Extensive pleadings ensued, and on June 16, 2006, the trial court granted Perry's motion for default judgment because of Peters's failure to comply with discovery requests. The trial court ordered all material allegations in the plaintiffs' third amended complaint be deemed admitted and "awarded judgment by default" against Peters. Appellant's App. p. 68.

On June 19, 2006, Peters filed a motion to correct error. On July 5, 2006, the trial court denied this motion. On July 17, 2006, Peters filed a second motion to correct error. On August 7, 2006, the trial court set this motion and other pending motions for hearing on September 22, 2006. After the hearing, on October 23, 2006, the trial court denied Peters's second motion to correct error. On November 22, 2006, Peters filed his notice of appeal.

### Analysis

■ Initially, we note that Peters proceeds pro se. Peters, however, cannot take refuge in the sanctuary of his amateur status. *See Shepherd v. Truex,* 819

N.E.2d 457, 463 (Ind.Ct.App.2004). "As we have noted many times before, a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action." *Id.*

■ We also address the timeliness of Peters's notice of appeal. Perry urges that Peters's appeal is not timely because his July 17, 2006 motion to correct error was deemed denied forty-five days after it was filed, requiring his notice of appeal to be filed by October 1, 2006. *See* Ind. Trial R. 53.3. Referring to Peters's July 17, 2006 motion to correct error, Perry specifically asserts, "The trial court did not set said Motion for hearing (Appellee's Appendix, pp. 19–21), nor did the court request additional time to set the matter for hearing and/or ruling." Appellee's Br. p. 3.

In Peters's Supplemental Appendix, however, he included a copy of the August 7, 2006 order, which states, "The Court now sets the motion to Correct Error filed July 17, 2006 by Defendant David Peters ... for hearing with other pending matters on September 22, 2006...." Appellant's Supp.App. p. 1 (emphasis omitted). This is consistent with the Chronological Case Summary ("CCS") entry dated August 7, 2006, stating, "Order setting hearing. Hearing set: September 22, 2006 at 1:30 p.m." Appellee's App. p. 20. Accordingly, Peters's November 22, 2006, notice of appeal would be a timely notice of appeal from the trial court's October 23, 2006 denial of his motion to correct error. This is not a basis for denying appellate jurisdiction.

Our analysis does not end there, however. Peters filed two motions to correct error. The first was filed on June 19, 2006, and was denied on July 5, 2006. We conclude that Peters had thirty days from the July 5, 2006 denial to file his notice of appeal. In reaching this conclusion, we rely on Indiana Trial Rule 53.4, which applies to repetitive motions and motions to reconsider a ruling on a motion. This Rule states, "Such a motion by any party or the court or such action to reconsider by the court shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules." T.R. 53.4(A).

Although Indiana Trial Rule 53.4(A) does not specifically mention the Indiana Appellate Rules, we do not believe that Peters's filing of a second motion to correct error extended the time in which he could file a notice of appeal. Indiana Appellate Rule 9(A)(1) provides, "if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion, or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first." There is no suggestion that filing a second motion to correct error extends the time for filing a notice of appeal.

■ In Indiana, timeliness of filing a notice of appeal is of the utmost importance. This is evidenced in part by Indiana Appellate Rule 9(A)(5), which states, "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited...." If we were to consider the trial court's denial of his second motion to correct error as the starting point for calculating when a notice of appeal should be filed, Peters could avoid time limitations on filing a notice of appeal indefinitely by repeatedly filing motions to correct error or motions to reconsider. An open-ended time for appeal has been discouraged by our supreme court. *See Garrison v. Metcalf,* 849 N.E.2d 1114, 1116 (Ind.2006) (holding that notice of appeal must be filed within thirty days of the date on which the

motion to correct error was deemed denied).

We conclude that Peters had thirty days from the date of the denial of his first motion to correct error, July 5, 2006, to file his notice of appeal. Thus, Peters's November 22, 2006, notice of appeal was not timely filed.

■ Even if we were to consider Peters's second motion to correct error in determining whether his notice of appeal was timely, Indiana Trial Rule 53.4(B) provides that a repetitive motion shall be ruled upon within five days or it shall be deemed denied. Thus, when Peters filed his second motion to correct error on July 17, 2006, it was deemed denied on July 24, 2006, and Peters had thirty days from that date to file his notice of appeal. He did not do so. Because Peters did not file a timely notice of appeal, he forfeited his right to appeal. *See Trinity Baptist Church v. Howard*, 869 N.E.2d 1225, 1227 (Ind.Ct.App.2007) ("The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal."), *trans. pending.*

### Conclusion

Because his notice of appeal was not timely filed, Peter's right to appeal is forfeited. We dismiss.

Dismissed.

KIRSCH, J., and ROBB, J., concur.