**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 22 2013, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TERRY ELDRIDGE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRY ELDRIDGE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1301-CR-24 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

**APPEAL FROM THE MARION SUPERIOR COURT**
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0602-FA-22219

**August 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Terry Eldridge, pro se, appeals the trial court's denial of his petition for additional credit time for the completion of a rehabilitative program prior to his sentencing. Eldridge raises one issue on appeal, namely, whether the trial court should have granted him additional credit time for the completion of a rehabilitative program prior to sentencing. However, we consider only the following dispositive issue: whether Eldridge timely filed his notice of appeal.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

On November 9, 2006, Eldridge was sentenced to an executed term of twenty years in the Indiana Department of Correction for dealing in cocaine as a Class A felony; possession of cocaine and a firearm, as a Class C felony; and resisting law enforcement, as a Class A misdemeanor. Prior to sentencing, and while incarcerated, Eldridge completed "Celebrate Recovery," a substance abuse recovery program. Appellant's App. at 49. At sentencing, Eldridge expressly requested credit time for completion of that program and submitted documents verifying its completion. The trial court denied Eldridge's request for additional credit time, and Eldridge did not appeal the trial court's sentencing order.

Nearly six years later, on October 12, 2012, Eldridge again filed a motion for additional credit time with the trial court based on his completion of Celebrate Recovery prior to his sentencing. On November 14, the State filed a motion to dismiss for lack of

jurisdiction or, in the alternative, a motion for summary disposition. On December 21, the trial court generally denied Eldridge's motion. Eldridge now appeals.

## DISCUSSION AND DECISION

Initially, we note that Eldridge proceeds pro se. Eldridge, however, "cannot take refuge in the sanctuary of his amateur status." Peters v. Perry, 873 N.E.2d 676, 677 (Ind. Ct. App. 2007); Shepherd v. Truex, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). "As we have noted many times before, a litigant who chooses to proceed pro se will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action." Id. at 678 (quoting Shepherd, 819 N.E.2d at 463).

Neither party raises the issue of the timeliness of Eldridge's notice of appeal in the briefs. Nevertheless, the timely filing of a notice of appeal is a jurisdictional prerequisite that can be raised sua sponte even if the parties do not question jurisdiction. Tarrance v. State, 947 N.E.2d 494, 495 (Ind. Ct. App. 2011). In, 2006, Indiana Appellate Rule 9(A)(1) provided that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment."[1] Because the timely filing of a notice of appeal is a jurisdictional prerequisite and the failure to conform to the applicable time limits results in forfeiture of an appeal, id., we address the timeliness of Eldridge's appeal as a threshold issue.

At his sentencing hearing on November 9, 2006, Eldridge expressly asked the court to award him credit time for his completion of Celebrate Recovery, a substance abuse rehabilitative program. The trial court refused to do so, and Eldridge did not

---

[1] Indiana Appellate Rule 9(A)(1) was amended in 2012, effective January 1, 2013, to require appellants to file the notice of appeal with the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

appeal the court's sentencing order. Rather, nearly six years later, Eldridge again asked the trial court to award him credit time for his completion of the rehabilitative program. While Eldridge asserts on appeal that the court in 2006 "failed to mention anything concerning the awarding of credit time," this is inaccurate. Appellant's Br. at 6. Indeed, in his 2012 motion for additional credit time, Eldridge acknowledged that he had previously "submitted documents at sentencing verifying completion of the [rehabilitative] program to no avail." Appellant's App. at 50.

Thus, Eldridge's 2012 request was the equivalent of a repetitive motion, which is governed by Indiana Trial Rule 54.4. In relevant part, this Rule states that a repetitive motion, "shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules." Ind. Trial Rule 53.4(A). Although Indiana Trial Rule 53.4(A) does not specifically mention the time for filing a notice of appeal following a repetitive motion, the filing of a repetitive motion "shall not . . . extend the time" for filing a notice of appeal. See id.; see also Peters, 873 N.E.2d at 678 (holding that a notice of appeal was not timely filed even though it was filed within thirty days of the trial court's denial of a second, repetitive motion to correct error). Eldridge's 2012 motion, in which he asked the trial court to reconsider whether he should be awarded credit time based on his completion of the rehabilitative program, did not extend the time in which he could file a notice of appeal from the court's original, 2006 denial of his request.

In Indiana, timeliness of filing a notice of appeal is of the utmost importance. This is evidenced in part by Indiana Appellate Rule 9(A)(5), which states that, "[u]nless the

4

Notice of Appeal is timely filed, the right to appeal shall be forfeited . . . ." If we were to consider the trial court's denial of Eldridge's second request for additional credit time as the starting point for calculating when a notice of appeal should have been filed, Eldridge could avoid Rule 9 indefinitely by repeatedly filing petitions for additional credit time or motions to reconsider. An open-ended time for appeal is prohibited by our rules. App. R. 9; see also Garrison v. Metcalf, 849 N.E.2d 1114, 1116 (Ind. 2006) (holding that notice of appeal must be filed within thirty days of the date on which the motion to correct error was deemed denied).

We cannot ignore the jurisdictional requirement of Appellate Rule 9. The proper time for Eldridge to appeal the trial court's denial of his request for credit time was within thirty days of the court's 2006 sentencing order, which he did not do. Accordingly, we conclude that Eldridge did not timely file his notice of appeal, and we lack subject matter jurisdiction to consider his appeal.[2] We dismiss.

Dismissed.

MATHIAS, J., and BROWN, J., concur.

---

[2] Nothing in our decision shall be interpreted to prohibit Eldridge from filing a petition for a writ of habeas corpus in a court of competent jurisdiction.