**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2013, 5:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES E. AYERS**
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEY FOR APPELLEE:

**DANIEL F. ZIELINSKI**
Steuerwald, Hannon
Zielinski & Witham, LLP
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS I. GOODE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1302-PL-67 |
| | ) | |
| HENDRICKS COUNTY PLANNING | ) | |
| AND BUILDING COMMISSION, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS CIRCUIT COURT
The Honorable J.V. Boles, Judge
Cause No. 32C01-0801-PL-11

**September 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

For the past five years, salvage yard owner Thomas Goode and the Hendricks County Planning and Building Commission have litigated alleged zoning violations. In this appeal, Goode argues that the trial court overstepped its authority on remand in its July 28, 2011 order and charged him with a new violation in an October 9, 2012 order. However, because Goode did not file a notice of appeal within thirty days of the date of these orders, he has forfeited his right to appeal, and we dismiss this case.

## FACTS

In 1999, Goode purchased a former greenhouse business in North Salem in Hendricks County. The property is zoned general business under the county's zoning ordinances. Goode transformed the property into a salvage business and stored various items on the property, including vehicles, pieces of machinery and equipment, a semi-tractor and trailer, a mobile construction office, a storage tank, construction materials, and sewer pipes. After receiving complaints from neighbors about the condition of the property, Goode surrounded it with a fence. In 2007, the County notified Goode that he was violating county zoning ordinances.

In January 2008, the County filed a complaint against Goode seeking an order that he immediately cease the improper use of the property and remove all junk, debris, commercial vehicles, machinery, trailers, and all dilapidated and unsafe buildings from the property. Goode remedied some of the violations, and a bench trial focused on the use of the property for outdoor storage and the condition of the buildings. Following the trial, the trial court found that the materials stored by Goode were not junk. Rather,

2

according to the trial court, the materials were useful and usable materials and equipment. The trial court further found that Goode's outdoor storage was an accessory use in accordance with the county zoning ordinances and that Goode's use of the property was consistent with the general business zoning classification.

On appeal, the County argued that the county zoning ordinances clearly prohibited Goode's outdoor storage of materials. Goode responded that the ordinances only prohibited the outdoor storage of junk, and that his materials were not junk. This Court interpreted Section 58.08B of the zoning ordinance to clearly and unambiguously regulate all outdoor storage of materials, not just the outdoor storage of junk. Accordingly, we concluded that Goode had violated the prohibition against outdoor storage, and we reversed and remanded the case to the trial court. Hendricks Cnty. Planning & Building Dep't v. Goode, No. 32A01-0907-CV-329, memo op. at 7 (Ind. Ct. App. March 10, 2010).

On remand, in a July 28, 2011 order, the trial court ordered Goode to remove all construction or commercial-type vehicles, machinery and equipment, including semi-trucks, trailers, equipment vehicles and carrier trailers, mobile units, trailers, and recreational vehicles, junk, debris and building materials and to discontinue all uses that are not permitted in the general business zoning district. The trial court also ordered Goode to allow unannounced on-site compliance inspections by the County and to pay $343.75 to the County. The trial court told Goode that he had sixty days to comply with the order or he would incur additional penalties. Goode did not appeal.

3

In an October 9, 2012 order, following an August 30, 2012 compliance hearing, the trial court concluded that Goode was not in compliance with its July 28, 2011 order. The trial court again ordered Goode to remove all materials that violated the zoning ordinance, including anything or any use not permitted in the general business district, whether inside or outside. The trial court told Goode that if he failed to comply with the order, he would be fined $100 per day retroactive to June 14, 2012. Again, Goode did not appeal.

One month later, in a November 7, 2012 order, following a November 1, 2012 compliance hearing, the trial court again concluded that Goode was not in compliance with the previous order. The trial court stated that Goode's use of the property was not permitted in the general business district and therefore enforced its prior order and fined Goode $100 per day retroactive to June 14, 2012. The trial court ordered the fine to continue until Goode complied with the Court's previous orders. The trial court also ordered Goode to comply with its October 9, 2012 order specifically ordering Goode to remove anything or any use not permitted in the general business district, whether inside or outside. Goode filed a motion to correct error on December 7, 2012, which the trial court denied on January 12, 2012. Goode filed his notice of appeal on February 8, 2013.

## DISCUSSION AND DECISION

Goode argues that the trial court overstepped its authority on remand. Specifically, Goode believes that the only issue the trial court could consider on remand was the outdoor storage issue, and he contends that the trial court erred when, on July 28,

4

2011, it ordered Goode to discontinue any and all uses that are not permitted in the general business zoning district, including those which did not concern outdoor storage. Goode also argues that the trial court's October 9, 2012 order charged him with a new violation when it ordered him to remove anything or any use not permitted in the general business district, whether inside or outside. Again, according to Good, the only issue the trial court could consider was the outdoor storage issue.

Pursuant to Indiana Appellate Rule 9(A)(1), a party initiates an appeal by filing a notice of appeal with the trial court clerk within thirty days after the entry of a final judgment. Timeliness of filing a notice of appeal is of the utmost importance. Peters v. Perry, 873 N.E.2d 676, 678 (Ind. Ct. App. 2007). This is evidenced in part by Indiana Appellate Rule 9(A)(5), which states that if the notice of appeal is not timely filed, the right to appeal is forfeited. Id.

Here, Goode's first argument concerns the trial court's July 28, 2011 order. In order to challenge this order, Goode should have filed a notice of appeal within thirty days of July 28, 2011. He did not do so. Goode's second argument concerns the trial court's October 9, 2012 order. Again, to challenge this order, Goode should have filed a notice of appeal within thirty days of October 9, 2012. Again, he did not do so. Because Goode did not file a timely notice of appeal, he has forfeited his right to appeal. See Trinity Baptist Church v. Howard, 869 N.E.2d 1225, 1227 (Ind. Ct. App. 2007) (stating that the timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal).

5

Appeal dismissed.

FRIEDLANDER, J., and VAIDIK, J., concur.